1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ASHLEY BOSMAN,** | **Case No.: 12-CV-1320 YGR** |
| **Plaintiff,** | **ORDER GRANTING MOTION OF DEFENDANT UNITED STATES OF AMERICA TO DISMISS FOR IMPROPER VENUE** |
| **vs.** | |
| **UNITED STATES OF AMERICA, LEIF MANLEY,** | |
| **Defendants.** | |

Plaintiff Ashley Bosman ("Bosman") brings the instant complaint alleging claims under the Freedom of Information Act ("FOIA") and Federal Tort Claims Act ("FTCA") arising out of injuries she sustained while working for a military contractor and attending a "team building" exercise at a driving range on the Little Creek Naval Amphibious Base in Virginia. Bosman seeks damages for her injuries, and injunctive relief to compel the Navy to respond to her FOIA request for information pertinent to the incident. Defendant United States of America has filed a Motion to Dismiss for Improper Venue or, Alternatively, to Transfer Venue.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss for Improper Venue.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on May 22, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for May 22, 2012.

STANDARD APPLICABLE TO THE MOTION

Failure to file in a proper venue may be raised by motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings.  *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996).  Once the defendant has challenged the propriety of venue in the district, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir.1979).  Facts supporting venue may be shown by declaration, affidavit, or other evidence.  *Ziegler Chemical and Mineral Corp. v. Standard Oil Company*, 32 F.R.D. 241, 243 (N.D. Cal. 1962).  Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought.  Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell,* 963 F.2d 1301, 1304 (9th Cir.1992).

DISCUSSION

Generally, courts look to the venue provisions of 28 U.S.C. § 1391 to determine whether venue is proper, unless the statute in question has a special venue provision.  *See Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586, 587 (9th Cir. 1991) (specific venue provision in statute applicable to particular case takes precedence over general venue rule).  Here, Bosman brings claims under FOIA and the FTCA, each of which has its own venue provision.  The FTCA provides for venue in either (1) the judicial district where the plaintiff resides, or (2) the judicial district where the act or omission complained of occurred.  28 U.S.C. § 1402(b).  FOIA provides for venue in either: (1) the judicial district where the plaintiff resides, (2) the judicial district where plaintiff has her principal

place of business, (3) the judicial district where the agency records are situated, or (4) the District of Columbia.  5 U.S.C. § 552(a)(4)(B).

　　　　With respect to venue, Bosman's complaint alleges:

　　　　　　Plaintiff is a native of California, and was born and grew up in California, several miles north of Los Angeles and east of Santa Barbara; and Plaintiff's parents and grandparents live in that area.  After graduating from high school in Acton, California, Plaintiff joined the U.S. Navy and served first in Italy and then for her last two years as a guard at Guantanamo Bay, aka GTMO.  Upon completion of her four years in the Navy Plaintiff would have returned to California but for the fact that her then husband, a United States Marine, was stationed near Virginia Beach, Virginia, and Plaintiff was the mother of her husband's child (they later had an additional child as well.) Plaintiff is presently divorced from her husband. Plaintiff intends to return to California as soon as it is practical to do so. Plaintiff is informed and believes that the only proper venue, for this action, would be either (1) where the incident causing her injuries happened (the eastern part of Virginia) or (2) where Plaintiff "resides" as of the time her Complaint is filed.

(Dkt. No. 1, Complaint, ¶ 2.)  Bosman does not allege that she resided in the Northern District of California when she filed her complaint or at any other time.  She alleges that she is a renter in Virginia and has remained in Virginia to receive medical care.  (*Id.* ¶ 4.)  Moreover, around the same time as Bosman filed suit in the Northern District of California, she filed a *pro se* complaint in the United States District Court for the Eastern District of Virginia, alleging the same essential claims and events.  (*Id.*, Ex. D.)  In that complaint, Bosman lists her address as Chesapeake, Virginia. (*Id.*, Ex. D, p. 1.)  Plainly, Bosman cannot establish proper venue under either statute by virtue of her residence.

　　　　Bosman argues that she intends to move to California when feasible.  She notes that her divorce decree specifically included a provision that she can return to California.  This, she contends, shows that her "true and ultimate domicile" is California.

　　　　First, Bosman's intentions to make California her ultimate "domicile" have no bearing on whether, at the time she filed her complaint, venue was proper in this district.  The statutes in question look only to "residence."  The Ninth Circuit has recognized that, in the context of the general venue

United States District Court
Northern District of California

statute, 28 U.S.C. § 1391(a)(1), (b)(1), the statutory term "residence," of actual place of abode, is distinct from the term "domicile," which includes a connotation of intent to remain.  *See Arley v. United Pacific Insurance Co.,* 379 F.2d 183, 185 (9th Cir.1967); *Stacher v. U.S.,* 258 F.2d 112, 116 (9th Cir.1958).  This holding should be extended to the FOIA and FTCA venue statutes as well.  *See Lewis v. United States*, 2004 WL 2757931 (N.D. Cal., Dec. 2, 2004) (extending general venue statute's "residence" v. "domicile" distinction to venue provisions of the Public Vessels Act).[2]

Second, even if Bosman's intentions regarding her "true domicile" had any bearing on the propriety of the venue, Bosman undercuts her own arguments.  While she professes an intent to return to California, she also indicates that she plans to remain in Virginia so that her two small children will be able to visit their father (her ex-husband) more easily once he returns from Afghanistan.  (Dkt. 13, Response, at 4:23-5:5.)

Further, Bosman does not satisfy any of the non-residency bases for venue either.  With respect to the FTCA claim, Bosman alleges that the acts or omissions complained of took place in Virginia, not in the Northern District of California.  As to the FOIA claim, Bosman does not allege that she has a "principal place of business" in this district, or that the records she seeks are located in this district.  Indeed, the evidence offered in support of the motion indicates that none of the records would be in California.  (*See* declarations at Dkt. No. 8, 9.)

//

//

//

---

[2]  Bosman's citation to *Gaudin v. Remis,* 379 F.3d 631 (9th Cir. 2004), is unavailing.  That case concerned "domicile" rather than residence, and looked to factors for determining diversity jurisdiction for purposes of a child custody case under the International Child Abduction Remedies Act.  *Id.* at 636.

CONCLUSION

In short, Plaintiff has not alleged or offered facts to show that venue is proper in the Northern District of California.  The Motion to Dismiss is **GRANTED**.  This action is **DISMISSED WITHOUT PREJUDICE** for improper venue.  The motion, in the alternative, to transfer venue is denied as moot.

**IT IS SO ORDERED.**

This order terminates Docket No. 7.

Date: May 15, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5